

THE NEW YORK OFFICE OF LEWIS BAACH PLLC

March 31, 2017

VIA ECF

The Honorable Pamela K. Chen
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Daniels Uskokovic, 15-cr-351 (PKC)

Dear Judge Chen:

Please accept this letter brief in lieu of a more formal submission. This letter is filed in reply to the government's response, filed on February 27, 2017 in opposition to Mr. Uskokovic's motion to suppress.[1]

In its response, the Government makes a number of arguments and alternative arguments. First, the government claims that the insertion of the NIT computer code into Mr. Uskokovic's computer is not a search, but in the alternative, the government argues that the NIT warrant did not violate Federal Rule of Criminal Procedure 41, and finally, that even if the NIT warrant violated Rule 41, the good faith exception applies and the evidence should not be suppressed. This letter brief will address the government's arguments in the order they were presented by the government.

### A. Use of the NIT constitutes a search on Mr. Uskokovic's Computer

While the underlying motion to suppress makes clear that the use of the NIT is a search under the Fourth Amendment the government's response seems only to focus on the argument that the IP address of Mr. Uskokovic's computer is not protected by the Fourth Amendment. (R: 9). First, the NIT did not merely capture Mr. Uskokovic's IP address but a number of other pieces of data that were retrieved from the internal computer hardware of Mr. Uskokovic's computer including non-location data such as the type of operating system the computer was using. (M: 4-5). Second, the government's argument using the language cited from United States v. Werdene, No. 15-CR-434, 2016 WL 3002376 (E.D. Pa. May 18, 2016), seems to turn the right to privacy on its head by suggesting that taking steps to keep information from public view does not increase the Fourth Amendment protection. (R: 9). But nearly every suppression motion relates to a

---

[1] References to Mr. Uskokovic's motion to suppress and the government's response will be indicated as "M:" and "R:" respectively.

The Chrysler Building | 405 Lexington Avenue | 62nd Floor | New York, NY 10174 | t 212 826 7001 | f 212 826 7146

lewisbaach.com                                              NEW YORK   WASHINGTON   LONDON   BUENOS AIRES



search to find otherwise hidden evidence of criminality. For example, if an individual puts a small bag of drugs inside his wallet there is a greater Fourth Amendment protection than if he pinned the same bag to the lapel of his jacket for all to see. The fact that an individual has taken steps to conceal information reflects the increased expectation of privacy whether or not such activity is taken in furtherance of the commission of a particular crime. See United States v. Croghan, 2016 WL 4992105, at *7 (S.D. Iowa Sept. 19, 2016) ("For example, a defendant has an expectation of privacy in his garage, even if that defendant lacks an expectation of privacy in the stolen vehicle parked in the garage."). Furthermore, the fact that a piece of information, like an IP address, is provided to third parties at times does not give the government the right to physically intrude on the computer hardware inside a person's home to find what might be considered to be identical information.

### B. The Virginia Search Warrant violated Rule 41

The government's second argument rests on the notion that the NIT constitutes a tracking device that complies with Rule 41, which the government argues should be interpreted "broadly and flexibly." (R: 10).

The flexible approach by the government rests on the argument that "if no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or any applicable statute," that is taken from Rule 57(b). (R: 10). The problem with this argument is that Rule 41 does specifically prescribe the proper and permitted way to issue a search warrant. The government's dilemma is that at the time the Virginia Search Warrant was issued, the rule did not permit what the government sought to do in this case – insert a computer code inside Mr. Uskokovic's computer which was not located in the district from which the warrant was issued but was rather located inside Mr. Uskokovic's apartment in Brooklyn, New York.

Rule 41(b)(1) specified that a magistrate judge could not issue a warrant to search a location "within" the district. It is clear that Mr. Uskokovic's computer was not located within the district and thus the Virginia Search Warrant violated Rule 41.

Instead the government argues that NIT is a "tracking device" installed within the district pursuant to Rule 41(b)(4). The government's logic for calling the NIT a tracking device, however, does not survive close scrutiny.

Even assuming, for argument's sake, that the tracking device was tracking "information" (see R:12-13), the operation of the NIT makes clear that this was not merely a tracking device but software that conducted a search. Unlike the transmitter example used by the government in its brief that is capable of emitting "location-enabling signals," the NIT does not have, within itself, the ability to emit location data. As stated in the motion to suppress, the NIT program, once inside Mr. Uskokovic's computer had



to search the memory and storage medium of his computer to obtain electronic data, which it then transmitted through the internet to the government.

Using the government's example -- if the government installed a "tracking" device to a box that was brought into a person's home the device is not tracking anything if the device had to crawl around the home, look in a drawer to find a piece of mail (to find the home's address), copy the address from the mail and then transmit the image to the government. Such an example would clearly violate the Fourth Amendment because the device was not "tracking" it was <u>searching</u> for the location information in places that are protected by the Fourth Amendment. The situation is identical here. The government's "tracking" device, a piece of software, travels through the internet to Mr. Uskokovic's computer. Once the NIT is inside Mr. Uskokovic's computer, the NIT had to look in different locations of the computer's memory and storage medium to find the location data (and non-location data, <u>see</u> M: 4-5), which was transmitted back to the government.

And the government's contention that the NIT was installed in the Eastern District of Virginia makes no sense. Mr. Uskokovic's computer was never in Virginia. The government itself refers to this as a "virtual trip" (R: 14) to Virginia, which is really no trip at all. See United States v. Torres, No. 5:16-cr-285, 2016 WL 4821223, at *6 (W.D. Tex. Sept. 9, 2016) (holding it "is inappropriate for this Court to engage in a process of finesse justifying an ethereal presence of the defendant's computer in Virginia, where the plain language of [Rule 41(b)(4)] as now written does not provide jurisdiction under these circumstances.) The government acknowledges that when a person entered a username and password on the Playpen website, that it "triggered installation of the NIT" (M: 14), which is simply a vague way of saying that the government transmitted the NIT through the internet and installed it on Mr. Uskokovic's computer. It is simply clever wordsmithing to argue that the installation of software on a computer in Brooklyn took place in Virginia.

And even if this Court were to find that the NIT was installed in Virginia, the NIT's method of searching the memory and storage medium of Mr. Uskokovic's computer to obtain location and non-location data renders the NIT a search, not merely a passive tracking device. And the government's citation to the new revision to Rule 41 (R: 15) only highlights that Rule 41, as it existed at the time of the issuance of the Virginia Search Warrant, did not permit this type of warrant being issued by a magistrate judge.

### C. The violation of Rule 41 was a substantive violation requiring suppression

The government argues that the violation of Rule 41 is technical and therefore suppression is unwarranted. This argument is flawed. Recently, a magistrate judge in the District of Minnesota, provided a thorough explanation as to why the violation of Rule 41 in this



matter is substantive not technical. United States v. Carlson, 16-cr-317, (D. Minn. Mar. 23, 2017). The Carlson Court explained:

> Rule 41, has both procedural and substantive provisions. Courts presented with violations of Rule 41's ministerial or technical procedural provisions have generally determined that suppression of evidence is unwarranted. This case, however, involved a violation of Rule 41(b), the provision of Rule 41 that defines the source and outer limits of a magistrate judge's authority to issue warrants under federal law … Indeed, because the Magistrate Judge in the Eastern District of Virginia lacked authority, and thus jurisdiction, to issue the NIT Warrant, there was no judicial approval of the NIT warrant. Accordingly, the NIT warrant is void *ab initio*.

Id. at 16 (citations omitted) (holding warrant constitutionally infirm because the violation of Rule 41 involved "substantive judicial authority").

The government attempts to distinguish United States v. Burke, 517 F.2d 377, 386-87 (2d Cir. 1975) but the analysis is flawed. In Burke, the issuing court failed to require execution of the warrant within ten days and the Second Circuit refused to invalidate the warrant because there was no evidence that the issuing court would otherwise have refused to issue the warrant. Here, the opposite is true. In this case, had the magistrate judge understood that the Virginia Search Warrant violated Rule 41, the magistrate would have been without authority to issue the warrant and the warrant could never have been issued. That is precisely why Mr. Uskokovic was prejudiced by the violation of Rule 41.

### D. The good-faith exception does not apply

The government argues that the good-faith exception does not apply. (R: 20). This is incorrect in this case where the underlying warrant, the Virginia Search Warrant, was void, having been issued in violation of Rule 41.

As the court in United States v. Levin, 186 F. Supp. 3d 26, 30 (D. Mass. 2016), explained, "where a warrant is issued by a person lacking the requisite legal authority"—which is indeed the case when a magistrate judge violates Rule 41(b) and § 636(a)(1)—the warrant is "void at the outset [and] is akin to no warrant at all." Along those lines, Levin determined that cases "involving the application of the good-faith exception to evidence seized pursuant to a warrantless search are especially instructive" for Rule 41(b) violations. Id. As the Carlson court further explained:

> Here, the NIT warrant was void *ab initio*, akin to no warrant at all. Therefore, there was no issued, but subsequently invalidated or recalled warrant for officers to objectively rely upon. "To hold

> that the good-faith exception is applicable here would collapse the distinction between a voidable and a void warrant." Levin, 186 F. Supp. 3d at 41. As other courts have reasoned, the distinction is significant, as a voidable warrant "involves judicial error, such as the misjudging the sufficiency of the evidence" or a finding of probable cause. Id. Conversely a void warrant, as is the case here, is a substantive, non-technical, defect that implicates the fundamental judicial authority and statutory power conferred upon a magistrate judge to issue warrants in the first instance. See id. (collecting cases that have held that the Leon good-faith exception presupposes that the disputed warrant was issued by a neutral and detached magistrate judge imbued with the requisite legal authority). The Court notes that the good-faith exception left "untouched the probable-cause standard and the various requirements for a valid warrant." Leon, 468 U.S. at 923. To the extent that Leon cleaved a good-faith Fourth Amendment exception to the exclusionary rule, that exception cannot apply when the requirements for the very authority and jurisdiction of the magistrate judge to issue a warrant were abandoned. Therefore, the Court concludes that the Leon good-faith exception does not apply in this case.

Carlson at 21-22.

\* \* \* \* \*



For the foregoing reasons, and the reasons stated in the underlying motion to suppress, we respectfully request this Court grant Mr. Uskokovic's motion to suppress in its entirety.

Respectfully submitted,

_____/s/_____
Anthony M. Capozzolo
Attorney for Daniel Uskokovic

cc: Clerk of the Court (via ECF)
AUSA Michael Keilty (via ECF)